TEXAS & PACIFIC RAILWAY COMPANY v. MORRISON FAUST COMPANY.

Decided December 21, 1898.

1. Carriers of Passengers—Liability for Baggage.

It is immaterial on the question of a railroad company's liability for loss of a passenger's baggage whether the baggage was unloaded onto the company's platform or a union platform, if it took charge of it.

2. Practice—Requesting Charge.

A railroad company desiring an instruction that if a passenger took charge of his baggage when it arrived and directed how it should be unloaded from the car and caused it to be left on the platform, he can not recover from the company for its loss, should request it, and can not complain on appeal of the omission of such an instruction, where the charge given submitted the issue whether or not the company, by its employes acting for it, received the baggage.

3. Carriers of Passengers—Music Is Baggage.

Manuscript music which is used by a traveling company in its business is entitled to be regarded and carried as baggage when the company travel as passengers by train.

APPEAL from El Paso. Tried below before Hon. A. M. WALTHALL.

*Edwards & Edwards,* for appellants.

*Millard Patterson* and *C. N. Buckler,* for appellee.

JAMES, CHIEF JUSTICE.—This is an action to recover of appellant the value of a trunk and its contents, the trunk having been lost from the platform of the depot at Cisco, Texas.

The answer was a general denial and special pleas, stated by appellant in its brief as follows: First, "that 'the 2000 title pages for sheet music,' '300 pieces of sheet music,' and 'eight manuscripts of sheet music' were not such articles as appellant would be liable for as baggage. Second. A special denial that the trunk was ever received by or delivered to appellant, and that at Cisco station there was provided a secure baggage room, where baggage could be locked up, which appellees well knew, and that when they arrived with their baggage at Cisco on the Texas Central Railroad, appellees took charge of their baggage and scenery and directed how it should be unloaded from the Texas Central cars, and at what places about the passenger depot at Cisco the various articles should be placed, and that appellees and the employes of the Texas Central Railroad placed the trunk on a truck, and when the employes of the Texas Central Railroad were in the act of placing said truck in the said baggage room, appellees objected, and by their direction caused same to be left on the platform, open and accessible to all persons, and if said trunk was taken from said platform appellees caused said loss by refusing to permit said trunk to be placed in the baggage room."

Judgment was entered upon a verdict for plaintiffs.

Under the first, second, and third assignments are presented the following propositions:

"That portion of the charge in the third and fourth paragraphs which assumes that the baggage was unloaded 'onto the platform of the defendant' is on the weight of evidence, and improperly assumes a fact not supported by the evidence."

"There being positive testimony that the baggage came to Cisco over the Texas Central Railway, and that no employe of defendant accepted of or handled the trunk in the course of his employment, and that the only servant of defendant who handled the baggage did so as an employe either of the plaintiff or of the Texas Central Railway, the court, in grouping the facts necessary to make the defendant liable, ignored the material issue as to whether or not this employe of defendant was acting within the course of his employment in handling the trunk, and whether or not the baggage had passed out of the custody of the Texas Central Railway Company."

The paragraphs three and four of the charge did not assume that the trunk was "unloaded onto the platform of the defendant." If the undisputed evidence in the case had been that the platform at the point of unloading was that of the Texas Central Railroad Company exclusively,

we do not think any harm would have been done appellant by the above words, because the jury were in the same connection required, in order to render appellant liable, to find in substance that appellant's employe, acting for it, took charge of the trunk.   The final clause of paragraph 4 is:   "But unless you believe from the evidence that the defendant had received said trunk as baggage at the time of its loss, then you will find for defendant."   The jury must have so found, and if appellant took charge of the baggage, it was immaterial at what point of the depot platform it was unloaded.   We need not refer to the testimony tending to show that this was a union depot.

As to the second proposition:   The special issue made by the answer was that appellees took charge of their baggage when it arrived and directed how it should be unloaded from the Texas Central cars, and also at what place about the depot the baggage should be placed, and caused the same to be left on the platform, where it was lost.   The real issue was not by whom the baggage was unloaded, but whether or not the defendant received it.   Defendant would have been entitled to a special charge, in view of the answer, that if plaintiffs caused the trunk to be placed where it was, to find for the defendant, but such a charge was not asked.   The charge given submitted the issue of whether or not defendant by its employes (*acting for it*) received the baggage.   The first special charge asked and refused would have been misleading; the second and third special charges would have added nothing to the charge that was given.

In reference to the fourth assignment, we are of opinion that the evidence warranted a finding that the manuscript music was baggage.   The testimony showed that said music was used in connection with the business and travels of the company.

We also conclude that the testimony authorized finding that defendant had received the baggage.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.